IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JONETTE THURSTON, )
      Plaintiff, )
)
vs. )   Case No.  6:22-CV-1118
)
PRAIRIEBREEZE CAPITAL, LLC, dba )
STEAK 'N SHAKE )
      Defendant. )
)

## COMPLAINT

COMES NOW the Plaintiff, and for her causes of action against the above-named Defendant, and in support thereof, states and alleges:

1. Plaintiff Jonette Thurston is an individual resident and citizen of the State of Nebraska.

2. Defendant Prairiebreeze Capital, LLC dba Steak 'n Shake is a Kansas limited liability company registered to do business in the State of Kansas and may be served with process by serving its resident agent, Douglas W Irvin at 915 Fountain View Court, Goodland, Kansas 67735.

3. Each of the members of Defendant Prairiebreeze Capital, LLC are residents and citizens of the states of Kansas and Arizona.

4. There is complete diversity of citizenship and the matter and the controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. § 1332.

5. Venue is proper in the United States District Court for the District of Kansas as the events giving rise to this action occurred in Kansas.

6. At all times material hereto, Defendant owned, occupied, possessed, controlled and operated the real property and improvements located at 2629 Enterprise Road, Goodland, Kansas 67734.

7. At all times material hereto, Defendant owned, occupied, possessed, controlled and operated the Steak 'n Shake restaurant located at 2629 Enterprise Road, Goodland, Kansas 67734.

8. At all times material hereto, Defendant's Steak 'n Shake restaurant was open to the public.

9. At all times material hereto, Defendant owed a duty of reasonable care to the public.

10. At all times material hereto, Defendant had a duty to keep the premises in safe condition for the public.

11. At all times material hereto, Defendant had a duty to maintain the premises.

12. At all times material hereto, Defendant had a duty to discover dangerous conditions on the premises.

13. At all times material hereto, Defendant had a duty to remove known dangerous conditions on the premises.

14. At all times material hereto, Defendant had a duty to warn the public of dangerous conditions on the premises.

15. Throughout Defendant's ownership and control of said property, Defendant knew that high winds made it difficult to open the door at the main entrance.

16. Throughout Defendant's ownership and control of said property, during high winds, Defendant posted a sign directing customers to use the south emergency exit to enter the store.

17. Defendant's south emergency exit door had none of the industry standard safety mechanisms including but not limited to an automatic door closer device, a storm chain or a door stop.

18. On May 20, 2020, Plaintiff Jonette Thurston stopped at Defendant's restaurant to get something to eat.

19. As Ms. Thurston approached the main entrance, she noticed a sign taped to the door instructing patrons to use the "south door" due to wind.

20. As Ms. Thurston opened the south door of the restaurant, the door caught the wind, blew open and swung past the degree necessary for normal entrance.

21. The door jerked Ms. Thurston's right arm along with it as it swung open and ultimately out of Ms. Thurston's grip.

22. Plaintiff Jonette Thurston sustained significant personal injuries as a result of the door strongly jerking open.

23. Defendant was negligent in the following and other respects:

    a. Failing to keep the business premises safe;

    b. Failing to maintain the business premises;

    c. Failing to inspect the business premises;

    d. Creating an unreasonably dangerous condition;

    e. Maintaining an unreasonably dangerous condition;

    f. Failing to provide safe entrance and exit;

    g. Failing to provide adequate protection from dangerous conditions; and

    h. Failing to provide adequate warning of dangerous conditions.

24. The direct and proximate cause of Plaintiff's injuries is the negligence of Defendant.

25. As a direct and proximate result of Defendant's negligence, Plaintiff has suffered, and will continue to suffer in the future, hospital, medical, and incidental expenses, lost

wages, lost time, permanent injuries and disability, pain, suffering, and loss of enjoyment of life.

WHEREFORE, Plaintiff prays for judgment against the Defendant in an amount in excess of $75,000.00, for costs of this action, and for such other and further relief as the Court deems just and equitable.

/s/ Melinda G. Young
Melinda G. Young, SC # 24309
**MELINDA YOUNG LAW, LLC**
1 East 30th Avenue
PO Box 1405
Hutchinson, KS 67504-1405
(620) 500-5500
Fax (620) 500-5501
melinda@melindayounglaw.com
Attorney for Plaintiff

## **REQUEST FOR JURY TRIAL**

COMES NOW the Plaintiff, pursuant to applicable Kansas law, and respectfully makes demand for trial by a jury of twelve persons of all issues herein joined.

/s/ Melinda G. Young
Melinda G. Young, SC # 24309
**MELINDA YOUNG LAW, LLC**
1 East 30th Avenue
PO Box 1405
Hutchinson, KS 67504-1405
(620) 500-5500
Fax (620) 500-5501
melinda@melindayounglaw.com
Attorney for Plaintiff

**DESIGNATION OF PLACE OF TRIAL**

Plaintiff hereby designates Wichita, Kansas as the place of trial in this matter.

/s/ Melinda G. Young
Melinda G. Young, SC # 24309
**MELINDA YOUNG LAW, LLC**
1 East 30th Avenue
PO Box 1405
Hutchinson, KS 67504-1405
(620) 500-5500
Fax (620) 500-5501
melinda@melindayounglaw.com
Attorney for Plaintiff